THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN P. MASTERSON, Respondent, v. ALBERT GALLUP, as Treasurer of Albany County, Appellant.

*Boards of supervisors — power of, to provide for the appointment of clerks, etc., in county offices — 1875, chap. 482, sec. 1, sub. 2, only applies to such county officers as have public offices.*

Chapter 482 of 1875 conferring further powers of local legislation and administration upon boards of supervisors, authorized them "to fix, subject to the limitations of section 15, article 6 of the Constitution, the salaries and *per diem* allowances of county officers whose compensation may be a county charge, and which shall not be changed during the term of office of such officers, respectively, and to prescribe the mode of appointment and fix the number, grade and pay of the deputies, clerks and subordinate employes in such offices."

Claiming to act under the authority of this law the board of supervisors of Albany county passed a resolution providing that thereafter there should be one clerk only to the coroners of Albany county. It prescribed the mode of his appointment and the duration of his office, and then directed that "the office of the coroners shall be located in the rooms of the board of supervisors and the duty of the clerk shall be to attend at such office during each week day and to aid the coroners in the discharge of their duties, and to receive, preserve and file each inquisition and to keep a record of the same." Prior to that time the coroners of Albany county had not had an office nor a clerk.

*Held,* that the act did not authorize the supervisors to provide for the appointment of deputies, clerks and subordinate employes to every county officer.

That the act only authorized the board of supervisors to prescribe the mode of appointment and fix the number, grade and pay of persons, such as deputies, clerks and messengers, who might be needed by such of the county officers as are required to keep public offices, such as the county clerk and the county treasurer.

That the assignment of a room for the use of a county official did not make it a "county office" within the meaning of this section.

That the resolution in fact created a new office, charged with some of the duties of the coroner and with some of the duties of the county clerk.

That it was unauthorized and void.

Appeal from an order, made at a Special Term awarding a peremptory writ of *mandamus*, commanding the county treasurer of Albany county to pay to the relator his salary as clerk of the coroners of Albany county for the month of January, 1883.

The relator was appointed under a resolution of the board of

supervisors, purporting to have been passed by them under the authority conferred upon them by chapter 482 of 1875. The resolution was as follows:

A resolution prescribing the mode of appointment and the number of clerks to the coroners of Albany county, and fixing the pay thereof:

*Resolved*, By the Board of Supervisors of the county of Albany, that hereafter there should be one clerk only to the coroners of the county of Albany, who shall receive a salary of one hundred dollars monthly, payable on the first day of each month by the county treasurer. Such clerk shall be appointed by the coroners of said county, in the month of December in each year, by a written appointment, signed by a majority of such coroners, and acknowledged by each coroner signing the same before some officer authorized to take the proof and acknowledgments of deeds within said county, and the same shall be filed in the clerk's office of said county. Such clerk shall hold his office for one year from such appointment, and until his successor is duly appointed. The office of the coroners shall be located in the rooms of the board of supervisors, and the duty of the clerk shall be to attend at such office during each week day and to aid the coroners in the discharge of their duties, and to receive, preserve and file each inquisition and to keep a record of the same.

The foregoing resolution is passed by authority of chapter 482 of the Laws of 1875, subdivision second of section first, and was passed by a majority vote of all members elected to the board.

*Marcus T. Hun*, for the appellant.

*Rufus W. Peckham*, for the respondent.

BOOKES, J.:

The most serious question in this case is whether the resolution of the board of supervisors is within the authority of chapter 482, Laws of 1875. The part of that statute important in this case is as follows: " To fix subject to the limitations of section 15, article 6 of the constitution, the salaries and *per diem* allowance of county officers whose compensation may be a county charge, and which shall not be changed during the term of office of such officers respectively, and to prescribe the mode of appointment and fix the

number, grade and pay of the deputies, clerks and subordinate employes in *such offices.*" Under authority given by this law the supervisors passed a resolution appointing a clerk to the coroners of the county of Albany, and fixing his salary.

It is insisted by the defendant that this resolution was not so adopted as to be valid; and again, that it was not authorized by the statute. We pass the first point to examine the second.

The defendant urges that the authority given by the statute is only to regulate the number of clerks, etc., when some have been authorized by law. And the resolution of the supervisors seems to have been intended to make it appear that such was their action. It says " that hereafter there shall be *one clerk only* to the coroners," as if the resolution would make a reduction of a larger number, and as if it were passed in the interest of economy, while in fact prior to that resolution there had been no such clerk at all. We have, however, no occasion to pass on this construction given to the statute by the defendant.

Again, the defendant insists that the statute does not authorize the appointment of a clerk or clerks for *every county office*, but that it authorizes only the regulation of clerks, etc., in the county offices which are by law required to be kept.

The statute is rather loosely drawn, as is customary. It uses the words "such offices" without having previously spoken of any offices. The word "offices" cannot be a mistake for *officers*, because the expression is " *in* such offices." And the preceding words, "the deputies, clerks and subordinate employes," are such as would not be applicable to every county officer. For instance, the county judge is a county officer, and, as the relator insists, the supervisors could under this statute authorize the appointment of a deputy clerk and subordinate employes for him. Yet it is plain that the words " deputies, clerks and subordinate employes" are quite inapplicable to the county judge.

On the other hand, those words are applicable, and peculiarly applicable, to the *offices* which certain county officers are required to keep. For instance, the county clerk is to keep an office which is to be open at certain hours. So the sheriff is to keep an office; and " *in such offices*" it is proper and necessary that there should be " deputies, clerks and subordinate employes." And the supervisors

seem to have appreciated this view, for their resolution not only appoints the clerk, but it goes on to state where the coroners shall have *their office* and where the clerk shall attend. Thus the resolution indicates a suspicion that the words "in such offices" had a *local* meaning. But as there is no law requiring the coroners to keep an office this provision of the resolution does not help the relator. The relator construes the statute as if it read "fix the number, grade and pay of the deputies, clerks and subordinate employes of *such officers.*" This would be very different from the statute as it is. This view is strengthened by a consideration of the duties attempted to be imposed on this clerk. He is to attend at the office each week day to aid the coroners in the discharge of their duties and to receive, preserve and file each inquisition, and keep a record of the same. But section 778, Code of Criminal Procedure, requires the coroner to file these papers in certain clerks' offices; in Albany county, in the county clerk's office, and therefore this clerk cannot file them in his own office. If the resolution means that he is to file them in the county clerk's office, that is by statute one of the duties of the coroners. The duties of the coroners are not and cannot be discharged at the office provided for, so that it is difficult to see how this clerk attending there can aid them in those duties.

Indeed, by the language of this resolution, this so-called clerk of the coroners seems to be made a public officer with distinct duties; not subordinate to the coroners, not subject to their control. So that, in fact, there was an attempt on the part of the supervisors to create a new county officer. And this new county officer, so far as he is charged with any duties, except those of sitting in the supervisors' room, is really to perform the duties which the statute imposes on the coroners or the county clerk.

In our judgment, therefore, this subdivision of the statute above quoted authorized two things: First. To fix the compensation and *per diem* allowances of county officers; and second. To prescribe the mode of appointment and fix the number, grade and pay of the persons who are needed in county offices, viz., the deputies, the clerks, the messengers and the like. Many such persons may be needed in county offices, as to which the supervisors may judge.

We do not mean to say, as was suggested on the argument, that the assignment as a public room for the use of a county official makes

that room a "county office" under this section. But the distinction is familiar that there are certain county offices, for instance those of the county clerk and county treasurer. These contain property of the county to be preserved and cared for by each successive officer, and by the words *in such offices*, that is; in *county offices*, we think that the legislature referred to such offices as above described. And we think that they did not authorize the supervisors to appoint deputies, clerks and subordinate employes to every county officer.

We are also of the opinion that the resolution in fact creates a new officer, charged with some of the duties of the coroner and with some of the duties of the county clerk, and is for that reason unauthorized.

For these reasons we think that the order should be reversed and the motion denied, without costs to either party.

LEARNED, P. J., and BOARDMAN, J., concurred.

Order reversed and motion for *mandamus* denied, without costs to either party.